IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | |
| v. | Case No. 19–CR–40017–JPG |
| CARL A. STADELBACHER, Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Carl. A. Stadelbacher's Motion to Suppress Evidence. (ECF No. 56). The Government responded. (ECF No. 63). For the reasons below, the Court **DENIES** Stadelbacher's Motion.

I. **PROCEDURAL & FACTUAL HISTORY**

In 2018, "Detective Asa Busby of the Union County Sherriff's Office/Union County Drug Task Force" filed a Complaint for Search Warrant in Illinois's First Judicial Circuit Court. (Compl. for Search Warrant 1, ECF No. 56, Ex. 1). The defendant named in the caption was "665 Wrights Crossing Road" in Cobden, Illinois—Stadelbacher's address. (*Id.*). That address was repeated in the first paragraph alongside the following description: "a grey single mobile home with white skirting, white roof." (*Id.*). Busby then described how he discovered that Stadelbacher was allegedly manufacturing methamphetamine in his bedroom, again repeating the description of Stadelbacher's mobile home. (*Id.* at 2). Finally, in the last paragraph, Busby included the description for a third time but with a different address:

> Pursuant to the above, it is believed that the evidence of the offenses of Possession of Methamphetamine Manufacturing Materials,. . ., Disposal of Methamphetamine Waste, . . . and Possession of Methamphetamine . . . remains within the residence and property located at 665 Hall Church Road, in Cobden, Union County, Illinois, **being a grey single mobile home with white skirting, white roof** including the outbuildings and surrounding curtilage for items which constitute evidence.

(*Id.* at 3 (emphasis added)). The address 665 Hall Church Road did not appear elsewhere.

The state judge issued a warrant after examining the Complaint. (Search Warrant 1, ECF No. 56, Ex. 2). The caption again stated Stadelbacher's address, 665 Wrights Crossing Road; and the description of his mobile home mirrored that of the Complaint. (*Id.*). The first paragraph, however, contained a different address:

> Upon examination of the Complaint I find that it states facts sufficient to show probable cause and I therefore command 103 Sycamore Street, Anna, Union County, Illinois, **being a grey single mobile home with white skirting, white roof** including the outbuildings and surrounding curtilage for items which constitute evidence . . . .

(*Id.* (emphasis added)). The address 103 Sycamore Street also did not appear elsewhere.

Detective Busby executed the Search Warrant on Stadelbacher's mobile home at the address stated in the caption, 665 Wrights Crossing Road. (*Id.* at 2). The Evidence Inventory and Receipt Form—which also stated the correct address—noted that the search revealed several articles of suspected drug paraphernalia. (Evidence Inventory & Receipt Form 1–3, ECF No. 63, Ex. C).

In March 2019, grand jury in this District indicted Stadelbacher for conspiring to manufacture methamphetamine. (Indictment 1, ECF No. 1). The Court appointed an Assistant Federal Public Defender, (Order 1, ECF No. 12), and gave Stadelbacher 21 days—until the start

of April—to file a motion to suppress, (Order Regarding Pre-Trial Discovery & Motion Practice 2, ECF No. 14).

In July 2019, the Assistant Federal Public Defender moved to withdraw, citing "an actual conflict of interest." (Mot. to Withdraw 1, ECF No. 26). The Court appointed Stadelbacher a new attorney, (Order Appointing Counsel 1, ECF No. 28), who moved to withdraw in January 2020 due to "a communication breakdown," (Minute Entry 1, ECF No. 41). The Court then appointed Stadelbacher's current counsel in February 2020. (Order Appointing Counsel 1, ECF No. 45).

In October 2020, Stadelbacher moved to suppress the evidence obtained during the search, arguing that the Search Warrant was unconstitutionally defective because of the inconsistent addresses. (Mot. to Suppress 1, ECF No. 56). The Government contends that the Motion is both untimely and unmeritorious. (Gov't Resp. 1, ECF No. 63). Stadelbacher did not reply.

## II. LAW & ANALYSIS

The Court will consider Stadelbacher's tardy Motion to Suppress given the COVID-19 pandemic and the delays associated with it. At any rate, the Motion lacks merit: Busby readily identified the place intended by the Search Warrant.

### A. Good Cause Warrants an Extension of Time.

"If a party does not meet the deadline for making a [motion to suppress evidence], the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. P. 12(c)(3). "A defendant must satisfy the antecedent good-cause requirement before [the] court may review the suppression motion." *United States v. Suggs*, 703 Fed. App'x 425, 428 (7th Cir. 2017).

As mentioned, the Court gave Stadelbacher until April 2019 to file a motion to suppress. Since then, however, he has gone through several attorneys, each needing time to acclimate to the

case. As an added complication, the COVID-19 pandemic saw greater restrictions on attorney-client visits alongside public-health directives by the Centers for Disease Control and Prevention aimed at reducing the number of in-person interactions. This proved especially difficult for those members of the bar without video-teleconferencing experience. With that in mind, the Court finds that good cause justifies an extension of time and will consider the merits of Stadelbacher's Motion.

### B. The Warrant Was Adequate Because There Was No Risk That Busby Might Inadvertently Search the Wrong Place.

The Fourth Amendment requires that a warrant "particularly describ[e] the place to be searched . . . ." U.S. Const. amend. IV. "[T]he 'manifest purpose' of the requirement is to prevent 'the wide-ranging exploratory searches' that the Framers faced and to limit each search 'to the specific areas and things for which there is probable cause.'" *United States v. Kelly*, 772 F.3d 1072, 1081 (7th Cir. 2014) (quoting *Maryland v. Garrison*, 480 U.S. 79, 84 (1987)). The Supreme Court has mandated "strict adherence to that command" using the *exclusionary rule*: "a clear, specific, and constitutionally required—even if judicially implied—deterrent safeguard without insistence upon which the Fourth Amendment would have been reduced to 'a form of words.'" *Mapp v. Ohio*, 367 U.S. 643, 49 (1961) (quoting *Silverthorne Lumber Co. v. United States*, 251 U.S. 385, 392 (1920)).

Not every error in a warrant, however, will lead to the suppression of evidence. Rather, a description in a warrant is sufficient so long as the executing officer "can, with reasonable effort ascertain and identify the place intended." *Steel v. United States*, 267 U.S. 498, 503 (1925). In other words, "minor technical errors or omissions do not automatically invalidate a warrant so long as there is no danger that the officers might inadvertently search the wrong place." *Kelly*, 772 F.3d at 1081. That risk is greatly reduced when the affiant to a warrant-complaint is also the executing

officer. *See, e.g.*, *United States v. Hutchings*, 127 F.3d 1255, 1260 (10th Cir. 1997) (considering "the executing officers' knowledge of the place to be searched in determining the adequacy of a warrant's description" and concluding that the warrant, which accurately described the defendant's property but misidentified the address, was sufficient); *Bonds v. State*, 403 S.W.3d 867, 877 (Tex. Crim. App. 2013) (holding that, where address in search warrant fit a nearby residence but most of the detailed list of descriptive factors fit the house searched, the officer who "was both the affiant and participated in the warrant's execution" had "familiarity with the location to be searched" and thus could determine which of the two places was intended).

Although the Complaint and Search Warrant here included different addresses, there was no risk that Busby would search the wrong place. He was, after all, both the affiant of the Complaint and the executor of the Search Warrant—he knew that Stadelbacher's mobile home was the object of the search. This was reflected in the captions; and the fact that the other two addresses were not searched further suggests that their addition was harmless and likely the result of carelessness. Moreover, the description of Stadelbacher's mobile home was consistent and repeatedly stated. Despite the apparent ambiguity, there was no chance that the error might lead to another location being searched by mistake.

### III.  CONCLUSION

The Court **DENIES** Defendant Carl. A. Stadelbacher's Motion to Suppress Evidence

**IT IS SO ORDERED.**

**Dated: Tuesday, January 12, 2021**

> S/J. Phil Gilbert
> **J. PHIL GILBERT**
> **UNITED STATES DISTRICT JUDGE**